# EXHIBIT
# "A"

085574

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Ian Greene

|  | Superior Court |
|---|---|
|  | Department of the Trial Court |
|  | of the Commonwealth |
|  | Civil Action |

No. 10-1885

)
)
)
)
Plaintiff (s)            )
)            **SUMMONS**
v.                   )
)
The Brachfeld Law Group PC            )
Defendant (s)            )

*     To the above-named Defendant:

You are hereby summoned and required to serve upon *The Rose Law Firm, PLLC* ....................................., plaintiff's attorney, whose address is *501 New Karner Road, Albany, NY 12205* an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, :Barbara J. Rouse,            Esquire, at Worcester, the..........................
day of ...............................................................in the year of our Lord two thousand  and
.......................... .

A **true** copy Attest:            *John Cotter*

11/9/2010            Deputy Sheriff Suffolk County

Clerk

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

*     NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: Worcester | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) Ian Greene | DEFENDANT(S) The Brachfeld Law Group, P.C. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE G. Christopher Gleason, The Rose Law Firm, PLLC, 501 New Karner Road, Albany New York 12205 (518) 869-9200 BBO# 653613 | ATTORNEY (IF KNOWN) 085351 George C. Rokas, Wilson Elser, 260 Franklin Street, 14th Floor, Boston MA |
|---|---|

**Origin code and track designation**

Place an x in one box only:
[ X] 1. F01 Original Complaint
[   ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)   (F)
[   ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[   ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)   (X)
[   ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60)   (X)
[   ] 6. E10 Summary Process Appeal   (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 Other Equitable Remedies (specify) - Fast Track FDCPA/93A Unfair Debt Collection Seeking damages + injunctive relief | | | Yes/No   (Yes) |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
　　1.   Total hospital expenses                                                    $_____
　　2.   Total Doctor expenses                                                     $_____
　　3.   Total chiropractic expenses                                              $_____
　　4.   Total physical therapy expenses                                       $_____
　　5.   Total other expenses (describe)                                        
　　　　　　　　　　　　　　　　　　　　　　　　Subtotal   $_____
B.   Documented lost wages and compensation to date                    $_____
C.   Documented property damages to date                                      $_____
D.   Reasonably anticipated future medical and hospital expenses    $_____
E.   Reasonably anticipated lost wages                                          $_____
F.   Other documented items of damages (describe)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$_____
G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL   $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: 8/23/10

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | | * REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| A01 Services, Labor and Materials | (F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G.L. c.112, s.128 (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| *TORT | | EQUITABLE REMEDIES | | E11 Worker's Compensation | (X) |
| B03 Motor Vehicle Negligence- | (F) | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| personal injury/property damage | | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| B04 Other Negligence- | (F) | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| personal injury/property damage | | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| B05 Products Liability | (A) | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B06 Malpractice-Medical | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 Malpractice-Other (Specify) | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 6, | |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 178M | (X) |
| B15 Defamation (Libel-Slander) | (A) | D99 Other (Specify) | (F) | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (A) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |
| or Municipality | | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type
E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes   [  ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

### Commonwealth of Massachusetts
#### County of Worcester
#### The Superior Court

085572

CIVIL DOCKET # **WOCV2010-01885-A**
Courtroom CtRm 20 - 4th fl (225 Main St., Worcester)

RE:  **Greene v Brachfeld Law Group PC**
TO:

G Christopher Gleason, Esquire
501 New Karner Road
Albany, NY 12205

## SCHEDULING ORDER FOR  F  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **06/17/2012**.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | **SERVED BY** | **FILED BY** | **HEARD BY** |
| Service of process made and return filed with the Court | 11/25/2010 | 11/25/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 12/25/2010 | |
| All motions under MRCP 12, 19, and 20 | 12/25/2010 | 01/24/2011 | 02/23/2011 |
| All motions under MRCP 15 | 12/25/2010 | 01/24/2011 | 02/23/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 06/23/2011 | | |
| All motions under MRCP 56 | 07/23/2011 | 08/22/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/20/2011 |
| Case shall be resolved and judgment shall issue by **06/17/2012** | | | 08/17/2012 |

- The final pre-trial deadline is **not the scheduled date of the conference.**
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 08/30/2010

Telephone: 508-831-2357 (session Clerk) or 508-831-2348

**RECEIVED**
THE ROSE LAW FIRM, PLLC
Dennis P. McManus, Esq.
Clerk of the Court

SEP 0 1 2010

CASE: Greene V Brachfeld
FILE: 10016 2017 3
POSTMARK DATE ___ MAIL ___
METER DATE ___ HAND ___
REC'D. BY: ___ EXPRESS ___

ENTERED

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 --Check website as to status of case: http://ma-trialcourts.org/tcic 1557799 Inldoc01 fregsol

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 OF THE TRIAL COURT
                                                 CIVIL ACTION NO.:

_____
                                        )
IAN  GREENE,                            )
                                        )
                    Plaintiff,          )
                                        )
    v.                                  )
                                        )
THE BRACHFELD LAW GROUP, P.C.,          )
                                        )
                    Defendant.          )
_____     )

### COMPLAINT

### PLAINTIFF CLAIMS TRIAL BY JURY

1.    Plaintiff Ian Greene, resides at 282 Riverlin Street, Milbury, MA.

2.    Defendant The Brachfeld Law Group P.C. is a foreign corporation with a principal place of business located at 880 Apollo Street, El Segundo, California and a registered agent in the Commonwealth located at 84 State Street in Boston.. The principal purpose of defendant is the collection of debts within the commonwealth and its sister states and defendant regularly attempts to collect debts alleged to be due to another party within the commonwealth.

3.    At all time relevant hereto, defendant was engaged in trade or commerce within the meaning of M.G.L. c. 93A § 2.

4.    The Massachusetts Attorney General has promulgated specific regulations for the express purpose "to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts".

5.      Defendant is a Creditor as that term is defined by 940 CMR 7.03.

6.      Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 (a) (6) as it regularly uses instrumentalities of interstate commerce such as the mail and telephone in its business, the principal purpose of which is the collection of debts.

## FACTS

7.      On or about August 12, 2009, defendant began communicating with plaintiff in an attempt to collect a debt.

8.      Defendants communications with plaintiff improperly threatened legal action that could not be taken.

9.      On August 12, 2009, plaintiff, who had been a victim of identity theft and did not owe the alleged debt, sent correspondence to defendant requesting validation of the alleged debt.

10.     On August 12, 2009, defendant called plaintiff on two occasions.

11.     On August 13, 2009, defendant received the validation request from plaintiff.

12.     Defendant failed to send plaintiff a validation notice within the required five days of the initial communication attempting to collect a debt.

13.     Thereafter, notwithstanding its failure to provide the requested validation of the alleged debt, defendant improperly continued debt collection activities aimed at plaintiff.

14.     On August 19, 2009, defendant called plaintiff on two occasions.

15.     On August 22, 2009, defendant called plaintiff of four occasions.

16.     On August 24, 2009, defendant called plaintiff on four occasions.

17.     On August 25, 2009, plaintiff sent a chapter 93A demand letter to defendant.

18.     Defendant never responded to the Chapter 93A letter.

19.     On August 26, 2009, defendant called plaintiff on four occasions.

2

20. Defendant has never provided any validation of the alleged debt to plaintiff.

21. On May 7, 2010, plaintiff, through counsel, sent a second chapter 93A demand to defendant.

22. Defendant failed to make a reasonable offer of settlement.

## COUNT I
## (FDCPA)

23. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24. Based on the actions of defendant alleged herein, defendant violated The Fair Debt Collections Practices Act (15 U.S.C. § 1692 et seq.).

25. As a result of its violations of The Fair Debt Collections Practices Act, defendant is liable to Plaintiff for all actual damages sustained by him, additional statutory damages as determined by the Court, costs associated with the action as well as a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant for the following:

A. Declaratory judgment that conduct violated the Fair Debt Collections Practices Act;

B. An award of actual damages sustained by plaintiff;

C. An award of additional damages pursuant to 15 U.S.C.§ 1693 k;

D. An award of the costs of the action as well as a reasonable attorney's fee pursuant to 15 U.S.C. § 1692 k;

E. An award of any other and further relief which to the Court seems just and proper.

3

## COUNT II
### (Violation of MGL c. 93A)

26.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

27.    Based on the actions of Defendant alleged herein, Defendant has violated MGL c. 93A.

28.    Such violations include but are not limited to a violation of 940 CMR 7.04 by:

A.  communicating with plaintiff via telephone without proper disclosure of the name of the creditor;

B. Calling plaintiff in excess of two calls in each seven day period at his residence;

C. Failing to provide validation information; and

D. Misrepresenting the nature and character of the alleged debt.

29.    Failing to comply with the standards set forth in 940 CMR 7.04 is a violation of MGL c. 93A.

30.    As a result of its numerous violations of MGL c. 93A, defendant is liable to plaintiff for all actual damages sustained by him or the sum of twenty five (25) dollars, whichever is greater, as well as an award of reasonable attorneys fees and the costs of the action.

31.    As defendant's violations of MGL c. 93A were knowing and willful, the amount of actual damages which plaintiff is entitled to recover should be trebled by the Court.

4

WHEREFORE, the plaintiff respectfully requests that the Court:

1. Enter judgment for plaintiff against defendant;

2. Enter an injunction against defendant preventing defendant from any further communication with plaintiff by telephone;

3. Award damages to the plaintiff in an amount to be determined by the Court;

4. Treble such amount as provided by MGL c. 93A § 9 (3);

5. Award plaintiff interest, costs and a reasonable attorney's fees as provided by MGL c. 93A § 9 (4); and

6. Award such other and further relief as this Court deems just and proper.

Dated:    Albany, New York
          August 24, 2010

                                    Respectfully submitted,
                                    Ian Greene
                                    By his attorneys


                                    _____
                                    G. Christopher Gleason, Esq. (B.B.O.#:653613)
                                    THE ROSE LAW FIRM, PLLC
                                    501 New Karner Road
                                    Albany, New York 12205
                                    (518) 869-9200

J:\Data\Fair Debt\Mass\Matter\Greene, Ian\Greene v Brachfield\Pleadings\complaintBrachfeld.doc

5

085574

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Ian Greene

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 10-1885

)
)
)
Plaintiff (s)    )    **SUMMONS**
)
v.                          )
)
The Brachfeld Law Group PC )
Defendant (s)  )

\*   To the above-named Defendant:

You are hereby summoned and required to serve upon...The Kose
Law Firm, PLLC............................................., plaintiff's attorney,
whose address is ...501 New Karner Road, Albany, N.12205
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, :Barbara J. Rouse,     Esquire, at Worcester, the...........................
day of ..............................................................in the year of our Lord two thousand and
.......................... .

Clerk

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*      NOTICE TO DEFENDANT: You need not appear personally in court to answer this complaint, but
        if you claim to have a defense, either you or your attorney must serve a copy of your written
        answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
        Court, Room 1008.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY: Worcester | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) Ian Greene | DEFENDANT(S)The Brachfeld Law Group, P.C. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>G. Christopher Gleason, The Rose Law<br>Firm, PLLC, 501 New Karner Road, Albany<br>New York 12205 (518) 869-9200<br><br>BBO# 653613 | ATTORNEY (IF KNOWN)<br>085351<br><br>George C. Rokas, Wilson Elser, 260 Franklin Street, 14th Floor, Boston MA |
|---|---|

**Origin code and track designation**

Place an x in one box only:
[ X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE?

D99 Other Equitable Remedies (specify) - Fast Track
FDCPA/93A Unfair DebtCollection Seeking damages + injunctive relief , Yes/No Yes

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses $
2. Total Doctor expenses $
3. Total chiropractic expenses $
4. Total physical therapy expenses $
5. Total other expenses (describe) $
Subtotal $
B. Documented lost wages and compensation to date $
C. Documented property damages to date $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages $
F. Other documented items of damages (describe)
$
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record Date: 8/23/10
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials (F) | C01 Land Taking (eminent domain) (F) | E02 Appeal from Administrative Agency G.L. c. 30A (X) |
| A02 Goods Sold and Delivered (F) | C02 Zoning Appeal, G.L. c.40A (F) | |
| A03 Commercial Paper (F) | C03 Dispute concerning title (F) | E03 Claims against Commonwealth or Municipality (A) |
| A08 Sale or Lease of Real Estate (F) | C04 Foreclosure of mortgage (X) | |
| A12 Construction Dispute (A) | C05 Condominium Lien & Charges (X) | E05 Confirmation of Arbitration Awards (X) |
| A99 Other (Specify) (F) | C99 Other (Specify) (F) | E07 G.L. c.112, s.12S (Mary Moe) (X) |
| E03 Claims against Commonwealth or Municipality (A) | E03 Claims against Commonwealth or Municipality (A) | E08 Appointment of Receiver (X) |
| | | E09 General Contractor bond, G.L. c. 149, ss. 29, 29a (A) |
| *TORT | EQUITABLE REMEDIES | E11 Worker's Compensation (X) |
| B03 Motor Vehicle Negligence- personal injury/property damage (F) | D01 Specific Performance of Contract (A) | E12 G.L.c.123A, s.12 (SDP Commitment) (X) |
| B04 Other Negligence- personal injury/property damage (F) | D02 Reach and Apply (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) |
| | D06 Contribution or Indemnification (F) | E15 Abuse Petition, G.L. c. 209A (X) |
| B05 Products Liability (A) | D07 Imposition of a Trust (A) | E16 Auto Surcharge Appeal (X) |
| B06 Malpractice-Medical (A) | D08 Minority Stockholder's Suit (A) | E17 Civil Rights Act, G.L. c.12, s. 11H (A) |
| B07 Malpractice-Other (Specify) (A) | D10 Accounting (A) | E18 Foreign Discovery Proceeding (X) |
| B08 Wrongful Death, G.L. c.229, s.2A (A) | D12 Dissolution of Partnership (F) | E19 Sex Offender Registry G.L. c. 6, s. 178M (X) |
| B15 Defamation (Libel-Slander) (A) | D13 Declaratory Judgment G.L. c. 231A (A) | |
| B19 Asbestos (A) | D99 Other (Specify) (F) | E25 Plural Registry (Asbestos cases) |
| B20 Personal injury- slip & fall (F) | | E95 **Forfeiture G.L. c. 94C, s. 47 (F) |
| B21 Environmental (A) | | E96 Prisoner Cases (F) |
| B22 Employment Discrimination (F) | | E97 Prisoner Habeas Corpus (X) |
| B99 Other (Specify) (F) | | E99 Other (Specify) (X) |
| E03 Claims against Commonwealth or Municipality (A) | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes [ ] |

## SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

### Commonwealth of Massachusetts
### County of Worcester
### The Superior Court

085572

CIVIL DOCKET # WOCV2010-01885-A
Courtroom CtRm 20 - 4th fl (225 Main St.,Worcester)

RE:   Greene v Brachfeld Law Group PC
TO:

G Christopher Gleason, Esquire
501 New Karner Road
Albany, NY 12205

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue 06/17/2012.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 11/25/2010 | 11/25/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 12/25/2010 | |
| All motions under MRCP 12, 19, and 20 | 12/25/2010 | 01/24/2011 | 02/23/2011 |
| All motions under MRCP 15 | 12/25/2010 | 01/24/2011 | 02/23/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 06/23/2011 | | |
| All motions under MRCP 56 | 07/23/2011 | 08/22/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/20/2011 |
| Case shall be resolved and judgment shall issue by 06/17/2012 | | | 06/17/2012 |

- The final pre-trial deadline is **not the scheduled date of the conference.**
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 08/30/2010

**RECEIVED**
**THE ROSE LAW FIRM, PLLC**

Dennis P. McManus, Esq.
Clerk of the Court

Telephone: 508-831-2357 (session Clerk) or 508-831-2348

SEP 0 1 2010
CASE: Greene v Brachfeld

FILE:

POSTMARK DATE _____ MAIL _____

METER DATE _____ HAND _____

RECD. BY: _____ EXPRESS _____

ENTERED

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 –Check website as to status of case: http://ma-trialcourts.org/tcic  1557799 bridoe01 tregad

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

IAN GREENE,

       Plaintiff,

  v.

THE BRACHFELD LAW GROUP, P.C.,

       Defendant.

)
)
)
)
)
)
)
)
)
)

### COMPLAINT

### PLAINTIFF CLAIMS TRIAL BY JURY

1.    Plaintiff Ian Greene, resides at 282 Riverlin Street, Milbury, MA.

2.    Defendant The Brachfeld Law Group P.C. is a foreign corporation with a principal place of business located at 880 Apollo Street, El Segundo, California and a registered agent in the Commonwealth located at 84 State Street in Boston.. The principal purpose of defendant is the collection of debts within the commonwealth and its sister states and defendant regularly attempts to collect debts alleged to be due to another party within the commonwealth.

3.    At all time relevant hereto, defendant was engaged in trade or commerce within the meaning of M.G.L. c. 93A § 2.

4.    The Massachusetts Attorney General has promulgated specific regulations for the express purpose "to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts".

5.     Defendant is a Creditor as that term is defined by 940 CMR 7.03.

6.     Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 (a) (6) as it regularly uses instrumentalities of interstate commerce such as the mail and telephone in its business, the principal purpose of which is the collection of debts.

## FACTS

7.     On or about August 12, 2009, defendant began communicating with plaintiff in an attempt to collect a debt.

8.     Defendants communications with plaintiff improperly threatened legal action that could not be taken.

9.     On August 12, 2009, plaintiff, who had been a victim of identity theft and did not owe the alleged debt, sent correspondence to defendant requesting validation of the alleged debt.

10.    On August 12, 2009, defendant called plaintiff on two occasions.

11.    On August 13, 2009, defendant received the validation request from plaintiff.

12.    Defendant failed to send plaintiff a validation notice within the required five days of the initial communication attempting to collect a debt.

13.    Thereafter, notwithstanding its failure to provide the requested validation of the alleged debt, defendant improperly continued debt collection activities aimed at plaintiff.

14.    On August 19, 2009, defendant called plaintiff on two occasions.

15.    On August 22, 2009, defendant called plaintiff of four occasions.

16.    On August 24, 2009, defendant called plaintiff on four occasions.

17.    On August 25, 2009, plaintiff sent a chapter 93A demand letter to defendant.

18.    Defendant never responded to the Chapter 93A letter.

19.    On August 26, 2009, defendant called plaintiff on four occasions.

2

20.    Defendant has never provided any validation of the alleged debt to plaintiff.

21.    On May 7, 2010, plaintiff, through counsel, sent a second chapter 93A demand to

defendant.

22.    Defendant failed to make a reasonable offer of settlement.

## COUNT I
## (FDCPA)

23.    Plaintiff repeats and realleges and incorporates by reference the foregoing

paragraphs.

24.    Based on the actions of defendant alleged herein, defendant violated The Fair

Debt Collections Practices Act (15 U.S.C. § 1692 et seq.).

25.    As a result of its violations of The Fair Debt Collections Practices Act, defendant

is liable to Plaintiff for all actual damages sustained by him, additional statutory damages as

determined by the Court, costs associated with the action as well as a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant

for the following:

A. Declaratory judgment that conduct violated the Fair Debt Collections Practices Act;

B. An award of actual damages sustained by plaintiff;

C. An award of additional damages pursuant to 15 U.S.C.§ 1693 k;

D. An award of the costs of the action as well as a reasonable attorney's fee pursuant to 15
   U.S.C. § 1692 k;

E. An award of any other and further relief which to the Court seems just and proper.

3

## COUNT II
### (Violation of MGL c. 93A)

26.     Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

27.     Based on the actions of Defendant alleged herein, Defendant has violated MGL c. 93A.

28.     Such violations include but are not limited to a violation of 940 CMR 7.04 by:

   A.  communicating with plaintiff via telephone without proper disclosure of the name of the creditor;

   B. Calling plaintiff in excess of two calls in each seven day period at his residence;

   C. Failing to provide validation information; and

   D. Misrepresenting the nature and character of the alleged debt.

29.     Failing to comply with the standards set forth in 940 CMR 7.04 is a violation of MGL c. 93A.

30.     As a result of its numerous violations of MGL c. 93A, defendant is liable to plaintiff for all actual damages sustained by him or the sum of twenty five (25) dollars, whichever is greater, as well as an award of reasonable attorneys fees and the costs of the action.

31.     As defendant's violations of MGL c. 93A were knowing and willful, the amount of actual damages which plaintiff is entitled to recover should be trebled by the Court.

4

WHEREFORE, the plaintiff respectfully requests that the Court:

1.  Enter judgment for plaintiff against defendant;

2.  Enter an injunction against defendant preventing defendant from any further communication with plaintiff by telephone;

3.  Award damages to the plaintiff in an amount to be determined by the Court;

4.  Treble such amount as provided by MGL c. 93A § 9 (3);

5.  Award plaintiff interest, costs and a reasonable attorney's fees as provided by MGL c. 93A § 9 (4); and

6.  Award such other and further relief as this Court deems just and proper.

Dated:    Albany, New York
          August 24, 2010

                          Respectfully submitted,
                          Ian Greene
                          By his attorneys


                          _____
                          G. Christopher Gleason, Esq.  (B.B.O.#:653613)
                          THE ROSE LAW FIRM, PLLC
                          501 New Karner Road
                          Albany, New York 12205
                          (518) 869-9200

J:\Data\Fair Debt\Mass\Matter\Greene, Ian\Greene v Brachfield\Pleadings\complaintBrachfeld.doc

5

085574

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Ian Greene

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 10-1885

)
)
)
Plaintiff (s)   )
)   **SUMMONS**
v.   )
)
The Brachfeld Law Group PC   )
Defendant (s)   )

\*    To the above-named Defendant:

You are hereby summoned and required to serve upon The Rose
Law Firm, PLLC, plaintiff's attorney,
whose address is 501 West Kramer Road, Albany, N.Y. 12205
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse,        Esquire, at Worcester, the.........................
day of ...............................................................in the year of our Lord two thousand and
.........................

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

   PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
   CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
     if you claim to have a defense, either you or your attorney must serve a copy of your written
     answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
     Court, Room 1008.

I. Greene v. The Brachfeld Law Group PC                                                Page 19 of 32

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: Worcester | DOCKET NO. _____ |
|---|---|---|
| **PLAINTIFF(S)** Ian Greene | **DEFENDANT(S)** The Brachfeld Law Group, P.C. | |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE G. Christopher Gleason, The Rose Law Firm, PLLC, 501 New Karner Road, Albany New York 12205 (518) 869-9200 | ATTORNEY (IF KNOWN) 085351 |
|---|---|
| BBO# 653613 | George C. Rokas, Wilson Elser, 260 Franklin Street, 14th Floor, Boston MA |

**Origin code and track designation**

Place an x in one box only:
[ X] 1. F01 Original Complaint
[   ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)  (F)
[   ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[   ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
[   ] 5. F05 Reactivated after rescript;relief from judgment/ Order (Mass.R.Civ.P. 60)  (X)
[   ] 6. E10 Summary Process Appeal  (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Other Equitable Remedies (specify) - Fast Track FDCPA/93A Unfair Debt Collection seeking damages + injunctive relief | | Yes/No  Yes |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
　1.  Total hospital expenses　$_____
　2.  Total Doctor expenses　$_____
　3.  Total chiropractic expenses　$_____
　4.  Total physical therapy expenses　$_____
　5.  Total other expenses (describe)　$_____
　　　　　　　　　　　　　　　　Subtotal　$_____
B. Documented lost wages and compensation to date　$_____
C. Documented property damages to date　$_____
D. Reasonably anticipated future medical and hospital expenses　$_____
E. Reasonably anticipated lost wages　$_____
F. Other documented items of damages (describe)　$_____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

　　　　　　　　　　　　　　　　　　TOTAL　$..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____　　　　　　　Date: 8/23/10
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | (F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| *TORT* | | EQUITABLE REMEDIES | | E11 Worker's Compensation | (X) |
| B03 Motor Vehicle Negligence- | (F) | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| personal injury/property damage | | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| B04 Other Negligence- | (F) | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| personal injury/property damage | | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| B05 Products Liability | (A) | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B06 Malpractice-Medical | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 Malpractice-Other (Specify) | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 6, | |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 178M | (X) |
| B15 Defamation (Libel-Slander) | (A) | D99 Other (Specify) | (F) | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (A) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |
| or Municipality | | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X]Yes  [  ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

**Commonwealth of Massachusetts**
**County of Worcester**
**The Superior Court**

085572

CIVIL DOCKET # WOCV2010-01885-A
Courtroom CtRm 20 - 4th fl (225 Main St.,Worcester)

RE:  Greene v Brachfeld Law Group PC
TO:

G Christopher Gleason, Esquire
501 New Karner Road
Albany, NY 12205

### SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **06/17/2012.**

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 11/25/2010 | 11/25/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 12/25/2010 | |
| All motions under MRCP 12, 19, and 20 | 12/25/2010 | 01/24/2011 | 02/23/2011 |
| All motions under MRCP 15 | 12/25/2010 | 01/24/2011 | 02/23/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 06/23/2011 | | |
| All motions under MRCP 56 | 07/23/2011 | 08/22/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/20/2011 |
| Case shall be resolved and judgment shall issue by **06/17/2012** | | | 06/17/2012 |

- The final pre-trial deadline is **not the scheduled date of the conference.**
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

**RECEIVED**
**THE ROSE LAW FIRM, PLLC**

Dated: 08/30/2010

Dennis P. McManus, Esq.
Clerk of the Court

Telephone: 508-831-2357 (session Clerk) or 508-831-2348

SEP 0 1 2010
CASE: Greene v Brachfeld

FILE: 1006-2013

POSTMARK DATE        MAIL

METER DATE:        HAND

RECD. BY:        EXPRESS

ENTERED

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 —Check website as to status of case: http://ma-trialcourts.org/tclc

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

IAN  GREENE,

           Plaintiff,

   v.

THE BRACHFELD LAW GROUP, P.C.,

           Defendant.

)
)
)
)
)
)
)
)
)
)

### COMPLAINT

### PLAINTIFF CLAIMS TRIAL BY JURY

1.    Plaintiff Ian Greene, resides at 282 Riverlin Street, Milbury, MA.

2.    Defendant The Brachfeld Law Group P.C. is a foreign corporation with a principal place of business located at 880 Apollo Street, El Segundo, California and a registered agent in the Commonwealth located at 84 State Street in Boston.. The principal purpose of defendant is the collection of debts within the commonwealth and its sister states and defendant regularly attempts to collect debts alleged to be due to another party within the commonwealth.

3.    At all time relevant hereto, defendant was engaged in trade or commerce within the meaning of M.G.L. c. 93A § 2.

4.    The Massachusetts Attorney General has promulgated specific regulations for the express purpose "to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts".

5.    Defendant is a Creditor as that term is defined by 940 CMR 7.03.

6.    Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 (a) (6) as
it regularly uses instrumentalities of interstate commerce such as the mail and telephone in its
business, the principal purpose of which is the collection of debts.

## FACTS

7.    On or about August 12, 2009, defendant began communicating with plaintiff in an
attempt to collect a debt.

8.    Defendants communications with plaintiff improperly threatened legal action that
could not be taken.

9.    On August 12, 2009, plaintiff, who had been a victim of identity theft and did not
owe the alleged debt, sent correspondence to defendant requesting validation of the alleged debt.

10.    On August 12, 2009, defendant called plaintiff on two occasions.

11.    On August 13, 2009, defendant received the validation request from plaintiff.

12.    Defendant failed to send plaintiff a validation notice within the required five days
of the initial communication attempting to collect a debt.

13.    Thereafter, notwithstanding its failure to provide the requested validation of the
alleged debt, defendant improperly continued debt collection activities aimed at plaintiff.

14.    On August 19, 2009, defendant called plaintiff on two occasions.

15.    On August 22, 2009, defendant called plaintiff of four occasions.

16.    On August 24, 2009, defendant called plaintiff on four occasions.

17.    On August 25, 2009, plaintiff sent a chapter 93A demand letter to defendant.

18.    Defendant never responded to the Chapter 93A letter.

19.    On August 26, 2009, defendant called plaintiff on four occasions.

2

20.     Defendant has never provided any validation of the alleged debt to plaintiff.

21.     On May 7, 2010, plaintiff, through counsel, sent a second chapter 93A demand to defendant.

22.     Defendant failed to make a reasonable offer of settlement.

## COUNT I
## (FDCPA)

23.     Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24.     Based on the actions of defendant alleged herein, defendant violated The Fair Debt Collections Practices Act (15 U.S.C. § 1692 et seq.).

25.     As a result of its violations of The Fair Debt Collections Practices Act, defendant is liable to Plaintiff for all actual damages sustained by him, additional statutory damages as determined by the Court, costs associated with the action as well as a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant for the following:

A. Declaratory judgment that conduct violated the Fair Debt Collections Practices Act;

B. An award of actual damages sustained by plaintiff;

C. An award of additional damages pursuant to 15 U.S.C.§ 1693 k;

D. An award of the costs of the action as well as a reasonable attorney's fee pursuant to 15 U.S.C. § 1692 k;

E. An award of any other and further relief which to the Court seems just and proper.

3

## COUNT II
### (Violation of MGL c. 93A)

26. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

27. Based on the actions of Defendant alleged herein, Defendant has violated MGL c. 93A.

28. Such violations include but are not limited to a violation of 940 CMR 7.04 by:

A. communicating with plaintiff via telephone without proper disclosure of the name of the creditor;

B. Calling plaintiff in excess of two calls in each seven day period at his residence;

C. Failing to provide validation information; and

D. Misrepresenting the nature and character of the alleged debt.

29. Failing to comply with the standards set forth in 940 CMR 7.04 is a violation of MGL c. 93A.

30. As a result of its numerous violations of MGL c. 93A, defendant is liable to plaintiff for all actual damages sustained by him or the sum of twenty five (25) dollars, whichever is greater, as well as an award of reasonable attorneys fees and the costs of the action.

31. As defendant's violations of MGL c. 93A were knowing and willful, the amount of actual damages which plaintiff is entitled to recover should be trebled by the Court.

4

WHEREFORE, the plaintiff respectfully requests that the Court:

1. Enter judgment for plaintiff against defendant;

2. Enter an injunction against defendant preventing defendant from any further communication with plaintiff by telephone;

3. Award damages to the plaintiff in an amount to be determined by the Court;

4. Treble such amount as provided by MGL c. 93A § 9 (3);

5. Award plaintiff interest, costs and a reasonable attorney's fees as provided by MGL c.

93A § 9 (4); and

6. Award such other and further relief as this Court deems just and proper.

Dated:    Albany, New York
          August 24, 2010

                              Respectfully submitted,
                              Ian Greene
                              By his attorneys


                              G. Christopher Gleason, Esq. (B.B.O.#:653613)
                              THE ROSE LAW FIRM, PLLC
                              501 New Karner Road
                              Albany, New York 12205
                              (518) 869-9200

J:\Data\Fair Debt\Mass\Matter\Greene, Ian\Greene v Brachfield\Pleadings\complaintBrachfeld.doc

5

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

)
IAN GREENE,                                      )
                                                )
            Plaintiff,                           )
                                                )
    v.                                           )
                                                )
THE BRACHFELD LAW GROUP, P.C.,                   )
                                                )
            Defendant.                           )     '.
                                                )

### COMPLAINT

### PLAINTIFF CLAIMS TRIAL BY JURY

1.      Plaintiff Ian Greene, resides at 282 Riverlin Street, Milbury, MA.

2.      Defendant The Brachfeld Law Group P.C. is a foreign corporation with a principal place of business located at 880 Apollo Street, El Segundo, California and a registered agent in the Commonwealth located at 84 State Street in Boston.. The principal purpose of defendant is the collection of debts within the commonwealth and its sister states and defendant regularly attempts to collect debts alleged to be due to another party within the commonwealth.

3.      At all time relevant hereto, defendant was engaged in trade or commerce within the meaning of M.G.L. c. 93A § 2.

4.      The Massachusetts Attorney General has promulgated specific regulations for the express purpose "to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts".

5.    Defendant is a Creditor as that term is defined by 940 CMR 7.03.

6.    Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692 (a) (6) as it regularly uses instrumentalities of interstate commerce such as the mail and telephone in its business, the principal purpose of which is the collection of debts.

## FACTS

7.    On or about August 12, 2009, defendant began communicating with plaintiff in an attempt to collect a debt.

8.    Defendants communications with plaintiff improperly threatened legal action that could not be taken.

9.    On August 12, 2009, plaintiff, who had been a victim of identity theft and did not owe the alleged debt, sent correspondence to defendant requesting validation of the alleged debt.

10.    On August 12, 2009, defendant called plaintiff on two occasions.

11.    On August 13, 2009, defendant received the validation request from plaintiff.

12.    Defendant failed to send plaintiff a validation notice within the required five days of the initial communication attempting to collect a debt.

13.    Thereafter, notwithstanding its failure to provide the requested validation of the alleged debt, defendant improperly continued debt collection activities aimed at plaintiff.

14.    On August 19, 2009, defendant called plaintiff on two occasions.

15.    On August 22, 2009, defendant called plaintiff of four occasions.

16.    On August 24, 2009, defendant called plaintiff on four occasions.

17.    On August 25, 2009, plaintiff sent a chapter 93A demand letter to defendant.

18.    Defendant never responded to the Chapter 93A letter.

19.    On August 26, 2009, defendant called plaintiff on four occasions.

2

20. Defendant has never provided any validation of the alleged debt to plaintiff.

21. On May 7, 2010, plaintiff, through counsel, sent a second chapter 93A demand to defendant.

22. Defendant failed to make a reasonable offer of settlement.

## COUNT I
## (FDCPA)

23. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24. Based on the actions of defendant alleged herein, defendant violated The Fair Debt Collections Practices Act (15 U.S.C. § 1692 et seq.).

25. As a result of its violations of The Fair Debt Collections Practices Act, defendant is liable to Plaintiff for all actual damages sustained by him, additional statutory damages as determined by the Court, costs associated with the action as well as a reasonable attorney's fee.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant for the following:

A. Declaratory judgment that conduct violated the Fair Debt Collections Practices Act;

B. An award of actual damages sustained by plaintiff;

C. An award of additional damages pursuant to 15 U.S.C.§ 1693 k;

D. An award of the costs of the action as well as a reasonable attorney's fee pursuant to 15 U.S.C. § 1692 k;

E. An award of any other and further relief which to the Court seems just and proper.

3



## COUNT II
### (Violation of MGL c. 93A)

26.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

27.   Based on the actions of Defendant alleged herein, Defendant has violated MGL c. 93A.

28.   Such violations include but are not limited to a violation of 940 CMR 7.04 by:

   A. communicating with plaintiff via telephone without proper disclosure of the name of the creditor;

   B. Calling plaintiff in excess of two calls in each seven day period at his residence;

   C. Failing to provide validation information; and

   D. Misrepresenting the nature and character of the alleged debt.

29.   Failing to comply with the standards set forth in 940 CMR 7.04 is a violation of MGL c. 93A.

30.   As a result of its numerous violations of MGL c. 93A, defendant is liable to plaintiff for all actual damages sustained by him or the sum of twenty five (25) dollars, whichever is greater, as well as an award of reasonable attorneys fees and the costs of the action.

31.   As defendant's violations of MGL c. 93A were knowing and willful, the amount of actual damages which plaintiff is entitled to recover should be trebled by the Court.

4



WHEREFORE, the plaintiff respectfully requests that the Court:

1. Enter judgment for plaintiff against defendant;

2. Enter an injunction against defendant preventing defendant from any further communication with plaintiff by telephone;

3. Award damages to the plaintiff in an amount to be determined by the Court;

4. Treble such amount as provided by MGL c. 93A § 9 (3);

5. Award plaintiff interest, costs and a reasonable attorney's fees as provided by MGL c. 93A § 9 (4); and

6. Award such other and further relief as this Court deems just and proper.

Dated:   Albany, New York
         August 24, 2010

                                    Respectfully submitted,
                                    Ian Greene
                                    By his attorneys


                                    G. Christopher Gleason, Esq.  (B.B.O.#:653613)
                                    THE ROSE LAW FIRM, PLLC
                                    501 New Karner Road
                                    Albany, New York 12205
                                    (518) 869-9200

J:\Data\Fair Debt\Mass\Matter\Greene, Ian\Greene v Brachfield\Pleadings\complaint\Brachfeld.doc

5